# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: HARTFORD COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION**                MDL No. 2963

## ORDER DENYING TRANSFER

**Before the Panel:**[*] At its July 2020 hearing session, the Panel considered two motions seeking centralization of an industry-wide litigation involving claims for insurance coverage of business interruption losses caused by the COVID-19 pandemic and the related government orders suspending, or severely curtailing, operations of non-essential businesses. We denied the motions, concluding that the differences among the many insurers would overwhelm any common factual questions and hinder the transferee court's ability to efficiently manage the litigation. *See In re COVID-19 Bus. Interruption Prot. Ins. Litig.*, MDL No. 2942, 2020 WL 4670700, __ F. Supp. 3d __ (J.P.M.L. Aug. 12, 2020). In the briefing on those motions, several parties proposed that insurer-specific MDLs be created. We concluded that we needed "a better understanding of the factual commonalities and differences among these actions, as well as the efficiencies that may or may not be gained through centralization, before creating an insurer-specific MDL." *Id.* at *3. Therefore, we ordered the Panel Clerk to issue orders directing the parties to certain actions involving a common insurer or group of insurers to show cause why those actions should not be centralized.

One of those orders encompassed the 66 actions listed on Schedule A,[1] which involve claims against the Hartford group of insurers. Since we issued this show cause order, the parties have notified us of 77 related actions. Plaintiffs in 55 of these 143 actions support the creation of a Hartford MDL. They variously suggest a number of potential transferee districts, including: the District of Connecticut; the Southern District of Florida; the District of New Jersey; the Eastern District of New York; the Western District of Pennsylvania; and the Western District of Washington. Plaintiffs in five actions oppose centralization, several of which alternatively suggest the Northern District of California, the District of Massachusetts, and the Eastern District of Missouri as potential transferee districts. The Hartford defendants[2] also oppose centralization and, in the alternative,

---

[*] Judge David C. Norton took no part in the decision of this matter.

[1] Two additional actions listed on the show cause order were voluntarily dismissed.

[2] The Hartford defendants consist of The Hartford Financial Services Group, Inc., and fifteen of its direct or indirect subsidiaries: Hartford Fire Insurance Company; Sentinel Insurance Company, Ltd.; Hartford Casualty Insurance Company; Hartford Underwriters Insurance Company; Twin City Fire Insurance Company; Trumbull Insurance Company; Property & Casualty Insurance Company
(continued...)

Case MDL No. 2963 Document 266 Filed 10/02/2020 Page 2 of 9

-2-

suggest the Southern District of New York as the transferee district for this litigation. Additionally, we received two briefs by amici curiae, one in support of and one in opposition to centralization.

After considering the arguments of counsel,[3] we conclude that centralization of the Hartford actions will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Centralization of these actions presents a close question. The insurance policies at issue in the Hartford actions appear to use standard forms and will involve the interpretation of common policy language, such as the phrase "direct physical loss or physical damage to property." To the extent discovery is necessary of Hartford regarding the drafting and interpretation of its policies, such discovery will be common to all actions. Thus, these actions present common legal and factual questions that could, in other circumstances, support centralization.[4]

Common factual questions, however, are not the sole prerequisite for centralization under Section 1407. Centralization also must promote the just and efficient conduct of the actions. This litigation demands efficiency. As counsel repeatedly emphasized in their papers and during oral argument, time is of the essence in this litigation. Many plaintiffs are on the brink of bankruptcy as a result of business lost due to the COVID-19 pandemic and the government closure orders. The most pressing question for us, therefore, is whether centralization presents the most efficient means of advancing these actions towards resolution.

Efficiency here is best obtained outside the MDL context. If these actions were centralized, the transferee court would have to establish a pretrial structure to manage numerous plaintiffs, many

---

[2] (...continued)
of Hartford; Pacific Insurance Company, Ltd.; New England Insurance Company; New England Reinsurance Corporation; Hartford Insurance Company of Illinois; Hartford Accident & Indemnity Company; Hartford Insurance Company of the Midwest; Hartford Insurance Company of the Southeast; and Hartford Lloyd's Insurance Company.

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of September 24, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2963 (J.P.M.L. Sept. 8, 2020), ECF No. 230.

[4] Hartford argues that centralization is inappropriate for the handling of purely legal questions, such as policy interpretation questions. It is true that common legal questions, standing alone, are not sufficient to satisfy Section 1407's requirement that there be common factual questions. *See In re ABA Law School Accreditation Litig.*, 325 F. Supp. 3d 1377, 1378–79 (J.P.M.L. 2018). Centralization may be appropriate even where legal questions are prominent, however, so long as common factual issues are present. *See In re Polar Bear Endangered Species Act Listing & 4(d) Rule Litig.*, 588 F. Supp. 2d 1376, 1377 (J.P.M.L. 2008) ("The Panel must determine the extent of the common factual issues and the likelihood that centralized pretrial proceedings will create important efficiencies, avoid inconsistent rulings, and result in the overall fairer adjudication of the litigation for the benefit of all involved parties.").

-3-

of which are pursuing distinct theories of liability.[5]  The court also would have to identify common policies with identical or sufficiently similar policy language and interpret those policies under applicable state laws.  The Hartford actions are pending in 36 different districts in 24 states and the District of Columbia.  It will take a not insignificant amount of time to organize this litigation and resolve the central policy interpretation questions.  In the meantime, dispositive motions addressing these policy interpretation questions are pending in 37 of the 143 actions, at least ten of which are fully briefed.  Rather than have one judge attempt to organize and resolve the core policy interpretation issues, it strikes us that allowing the various transferor courts to decide these questions will result in quicker and more efficient resolution of this litigation.

Furthermore, should plaintiffs' claims survive dispositive rulings on the policy interpretation questions,[6] discovery appears relatively straightforward.  While some of this discovery may well be common (particularly any discovery directed to Hartford regarding the drafting and interpretation of its policy language), much of it will be plaintiff- and property-specific.  In these circumstances, it is more likely the actions will reach an expeditious resolution if they remain in the transferor courts.  We impress upon the courts overseeing these actions the importance of advancing these actions towards resolution as quickly as possible.

Accordingly, centralization of the actions listed on Schedule A is not warranted.  To the extent necessary, alternatives to centralization are available to minimize any duplication in pretrial proceedings, including informal cooperation and coordination among the parties and courts.  We also note that some similar actions are pending in the same district before multiple judges, and it may be appropriate for the courts or the parties to seek to relate those before one judge.

IT IS THEREFORE ORDERED that the order to show cause regarding the actions listed on Schedule A is vacated.

---

[5] For instance, some plaintiffs argue that the COVID-19 virus is present on and caused damage to their properties.  Others allege that they suffered damage as a result of state and local governments' orders restricting or closing businesses.  And some plaintiffs allege unique theories of coverage, such as the dental practices in the *Levy* and *Taube* actions, who assert that they closed their practices not as a result of civil authority orders, but based on guidance from the Centers for Disease Control and the American Dental Association.  These distinct claims likely will require different legal analysis and different discovery.

[6] We take no position on the merits of these dispositive motions.  *See In re Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1339–40 (J.P.M.L. 1972) ("The framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations.").  To date, there have been only two rulings on motions to dismiss in Hartford actions.  *See Wilson v. Hartford Cas. Co.*, C.A. No. 2:20-03384, 2020 WL 5820800 (E.D. Pa. Sept. 30, 2020) (granting motion to dismiss); *Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc.*, C.A. No. 3:20-04434, 2020 WL 5642483 (N.D. Cal. Sept. 22, 2020) (granting motion to dismiss with leave to amend complaint).

-4-

PANEL ON MULTIDISTRICT LITIGATION

_Karen K. Caldwell_
_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle              R. David Proctor
Catherine D. Perry              Nathaniel M. Gorton
Matthew F. Kennelly

**IN RE: HARTFORD COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION** MDL No. 2963

## SCHEDULE A

Northern District of Alabama

PURE FITNESS LLC v. THE HARTFORD FINANCIAL SERVICES GROUP INC., ET AL., C.A. No. 2:20–00775

District of Arizona

FORFEX LLC v. HARTFORD UNDERWRITERS INSURANCE COMPANY, ET AL., C.A. No. 2:20–01068
JDR ENTERPRISES LLC v. SENTINEL INSURANCE COMPANY LIMITED, ET AL., C.A. No. 4:20–00270

Central District of California

GERAGOS & GERAGOS ENGINE COMPANY NO. 28, LLC v. HARTFORD FIRE INSURANCE COMPANY, ET AL., C.A. No. 2:20–04647
PATRICK AND GEOFF INVESTMENTS INC. v. THE HARTFORD, ET AL., C.A. No. 2:20–05140
ROUNDIN3RD SPORTS BAR LLC v. THE HARTFORD, ET AL., C.A. No. 2:20–05159
R3 HOSPITALITY GROUP, LLC v. THE HARTFORD, ET AL., C.A. No. 5:20–01182

Northern District of California

PROTÉGÉ RESTAURANT PARTNERS LLC v. SENTINEL INSURANCE COMPANY, LIMITED, C.A. No. 5:20–03674

Southern District of California

PIGMENT INC. v. THE HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL., C.A. No. 3:20–00794

District of Connecticut

LITTLE STARS CORPORATION v. HARTFORD UNDERWRITERS INS. CO., ET AL., C.A. No. 3:20–00609
CONSULTING ADVANTAGE INC. v. HARTFORD FIRE INSURANCE COMPANY, ET AL., C.A. No. 3:20–00610

-A2-

RENCANA LLC, ET AL. v. HARTFORD FINANCIAL SERVICES GROUP, INC.,
    ET AL., C.A. No. 3:20–00611
COSMETIC LASER, INC. v. TWIN CITY FIRE INSURANCE COMPANY,
    C.A. No. 3:20–00638
DR. JEFFREY MILTON, DDS, INC. v. HARTFORD CASUALTY INSURANCE
    COMPANY, C.A. No. 3:20–00640
ONE40 BEAUTY LOUNGE, LLC v. SENTINEL INS. CO., LTD., C.A. No. 3:20–00643
PATS v. HARTFORD FIRE INSURANCE COMPANY, ET AL., C.A. No. 3:20–00697
DOTEXAMDR PLLC v. HARTFORD FIRE INS. CO., ET AL., C.A. No. 3:20–00698
KENNEDY HODGES & ASSOCIATES LTD., LLP, ET AL. v. HARTFORD
    FINANCIAL SERVICES GROUP, INC., ET AL., C.A. No. 3:20–00852
LEAL, INC. v. HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL.,
    C.A. No. 3:20–00917
SA HOSPITALITY GROUP, LLC, ET AL. v. HARTFORD FIRE INSURANCE
    COMPANY, C.A. No. 3:20–01033

District of District of Columbia

GCDC LLC v. THE HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL.,
    C.A. No. 1:20–01094

Southern District of Florida

REINOL A. GONZALEZ, DMD, P.A. v. THE HARTFORD FINANCIAL SERVICES
    GROUP, INC., ET AL., C.A. No. 1:20–22151

Northern District of Georgia

KARMEL DAVIS AND ASSOCIATES, ATTORNEY–AT–LAW, LLC v.
    THE HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL.,
    C.A. No. 1:20–02181

Southern District of Illinois

TAUBE v. HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL.,
    C.A. No. 3:20–00565

Eastern District of Louisiana

Q CLOTHIER NEW ORLEANS, LLC, ET AL. v. TWIN CITY FIRE INSURANCE
    COMPANY, ET AL., C.A. No. 2:20–01470

-A3-

District of Massachusetts

RINNIGADE ART WORKS v. THE HARTFORD FINANCIAL SERVICES GROUP,
INC., ET AL., C.A. No. 1:20–10867

Southern District of Mississippi

THE KIRKLAND GROUP, INC. v. SENTINEL INSURANCE GROUP LTD.,
C.A. No. 3:20–00496

Eastern District of Missouri

ROBERT LEVY, D.M.D., LLC v. HARTFORD CASUALTY INSURANCE
COMPANY, C.A. No. 4:20–00643

District of New Jersey

AMBULATORY CARE CENTER, PA v. SENTINEL INSURANCE COMPANY,
LIMITED, C.A. No. 1:20–05837
THE EYE CARE CENTER OF NEW JERSEY, PA v. THE HARTFORD FINANCIAL
SERVICES GROUP INC., ET AL., C.A. No. 2:20–05743
LD GELATO LLC v. HARTFORD UNDERWRITERS INSURANCE CORPORATION,
C.A. No. 2:20–06215
BACK2HEALTH CHIROPRACTIC CENTER, LLC v. THE HARTFORD FINANCIAL
SERVICES GROUP, INC., ET AL., C.A. No. 2:20–06717
MARRAS 46 LLC v. TWIN CITY FIRE INSURANCE COMPANY,
C.A. No. 2:20–08886
ADDIEGO FAMILY DENTAL, LLC v. HARTFORD FINANCIAL SERVICES
GROUP, INC., ET AL., C.A. No. 3:20–05847
ADDIEGO ORTHODONTICS, LLC v. HARTFORD FINANCIAL SERVICES
GROUP, INC., ET AL., C.A. No. 3:20–05882
SWEETBERRY HOLDINGS LLC v. THE HARTFORD FINANCIAL SERVICES
GROUP, INC., ET AL., C.A. No. 3:20–08200
BLUSHARK DIGITAL, LLC v. THE HARTFORD FINANCIAL SERVICES GROUP,
INC., ET AL., C.A. No. 3:20–08210

Eastern District of New York

METROPOLITAN DENTAL ARTS P.C. v. THE HARTFORD FINANCIAL
SERVICES GROUP, INC., ET AL., C.A. No. 1:20–02443
BRAIN FREEZE BEVERAGE, LLC v. THE HARTFORD FINANCIAL SERVICES
GROUP, INC., ET AL., C.A. No. 2:20–02157

-A4-

### Southern District of New York

SHARDE HARVEY DDS PLLC v. THE HARTFORD FINANCIAL SERVICES
    GROUP INC., ET AL., C.A. No. 1:20–03350
FOOD FOR THOUGHT CATERERS, CORP. v. THE HARTFORD FINANCIAL
    SERVICES GROUP, INC., ET AL., C.A. No. 1:20–03418
RED APPLE DENTAL PC v. THE HARTFORD FINANCIAL SERVICES GROUP,
    INC., ET AL., C.A. No. 7:20–03549

### Western District of New York

BUFFALO XEROGRAPHIX INC. v. SENTINEL INSURANCE COMPANY,
    LIMITED, ET AL., C.A. No. 1:20–00520
SALVATORE'S ITALIAN GARDENS, INC., ET AL. v. HARTFORD FIRE
    INSURANCE COMPANY, C.A. No. 1:20–00659

### Northern District of Ohio

SYSTEM OPTICS, INC. v. TWIN CITY FIRE INSURANCE COMPANY, ET AL.,
    C.A. No. 5:20–01072

### Eastern District of Pennsylvania

LANSDALE 329 PROP, LLC, ET AL. v. HARTFORD UNDERWRITERS
    INSURANCE COMPANY, ET AL., C.A. No. 2:20–02034
SIDKOFF, PINCUS & GREEN PC v. SENTINEL INSURANCE COMPANY,
    LIMITED, C.A. No. 2:20–02083
HAIR STUDIO 1208, LLC v. HARTFORD UNDERWRITERS INSURANCE CO.,
    C.A. No. 2:20–02171
ULTIMATE HEARING SOLUTIONS II, LLC, ET AL. v. HARTFORD
    UNDERWRITERS INSURANCE COMPANY, ET AL., C.A. No. 2:20–02401
MOODY, ET AL. v. THE HARTFORD FINANCIAL SERVICES GROUP INC.,
    ET AL., C.A. No. 2:20–02856
SEYMON BOKMAN v. SENTINEL INSURANCE COMPANY, LIMITED,
    C.A. No. 2:20–02887

### District of South Carolina

COFFEY & MCKENZIE LLC v. TWIN CITY FIRE INSURANCE COMPANY,
    C.A. No. 2:20–01671
BLACK MAGIC LLC v. THE HARTFORD FINANCIAL SERVICES GROUP INC.,
    ET AL., C.A. No. 2:20–01743

-A5-

FANCY THAT! BISTRO & CATERING LLC v. SENTINEL INSURANCE
    COMPANY LIMITED, ET AL., C.A. No. 3:20–02382

Eastern District of Texas

RISINGER HOLDINGS, LLC, ET AL. v. SENTINEL INSURANCE COMPANY,
    LTD., ET AL., C.A. No. 1:20–00176
BOOZER-LINDSEY, PA, LLC v. SENTINEL INSURANCE COMPANY, LTD.,
    C.A. No. 6:20–00235

Northern District of Texas

GRAILEYS INC. v. SENTINEL INSURANCE COMPANY LTD.,C.A. No. 3:20–01181

Western District of Texas

INDEPENDENCE BARBERSHOP, LLC v. TWIN CITY FIRE INSURANCE CO.,
    C.A. No. 1:20–00555

District of Utah

WILLIAM W. SIMPSON ENTERPRISES v. THE HARTFORD FINANCIAL
    SERVICES GROUP, C.A. No. 4:20–00075

Eastern District of Virginia

ADORN BARBER & BEAUTY LLC v. TWIN CITY FIRE INSURANCE COMPANY,
    C.A. No. 3:20–00418

Western District of Washington

CHORAK v. HARTFORD CASUALTY INSURANCE COMPANY,
    C.A. No. 2:20–00627
KIM v. SENTINEL INSURANCE COMPANY LIMITED, C.A. No. 2:20–00657
GLOW MEDISPA LLC v. SENTINEL INSURANCE COMPANY LIMITED,
    C.A. No. 2:20–00712
STRELOW v. HARTFORD CASUALTY INSURANCE COMPANY,
    C.A. No. 2:20–00797
PRATO v. SENTINEL INSURANCE COMPANY LIMITED, C.A. No. 3:20–05402
LEE v. SENTINEL INSURANCE COMPANY LIMITED, C.A. No. 3:20–05422